### In re FILCAS OF AMERICA, INC., Debtor.

#### Bankruptcy No. 91–13053.

United States Bankruptcy Court,
D. New Hampshire.

Oct. 21, 1992.

---

Louis Mountzoures, Neal Satran, Satran, Reade & Marino, Boston, Mass., for debtor.

Charles R. Bennett Jr., Kevin Hern Jr., Riemer & Braunstein, Boston, Mass., for First Nat. Bank of Boston.

Peter F. Burger, Orr & Reno, Concord, N.H., for PAK 2000.

Timothy P. Smith, Manchester, N.H., for Creditor's Committee.

Richard C. Follender, Follender, Connors & Wacks, Nashua, N.H., for First NH Mortg. Corp.

Dennis N. Perreault, Concord, N.H., for The Exhibit Co.

Wendell Livingston, Becket & Watkins, Malvern, Pa., for American Exp. Travel Related Services Co.

Daniel W. Sklar, Sklar Law Offices, Manchester, N.H., for Citicorp Nat. Services.

Geraldine B. Karonis, Asst. U.S. Trustee, Manchester, N.H., for U.S. Trustee.

Peter Nils Baylor, Nutter, McClennen & Fish, Boston, Mass., for Filcas, Inc.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This Court has before it two disclosure statements and two competing plans of reorganization in this chapter 11 proceeding. One by the debtor and one by a third-party prospective acquirer Filcas, Incorporated ("Filcas Inc."). This latter is a newly-formed entity for this purpose and is unrelated to the debtor notwithstanding the name selected.

The Court first heard a legal question with regard to the confirmability of the Filcas, Inc. plan. If that plan is not confirmable on its face the Court will not proceed further with disclosure statement questions because it will be an obvious exercise in futility. Only in these limited circumstances can the Court consider confirmation issues at the disclosure stage of a chapter 11 case. *See In re Public Service Co. of New Hampshire*, 99 B.R. 506, 509 (Bankr.D.N.H.1989); *In re Public Service Co. of New Hampshire*, 108 B.R. 854, 856–57 (Bankr.D.N.H.1989).

In my judgment the Filcas, Inc. plan is not confirmable on its face since it is not confirmable as a matter of law. It requires as an essential element of the plan that this Court in the confirming order enjoin employees of the existing company from competing with the acquirer as to some 5,000 customers on a customer list of the debtor corporation for a period of three years. The request is that the Court exercise this power under § 105 of the Bankruptcy Code to enhance and/or preserve the value of the assets proposed to be acquired by Filcas, Inc.

The contention fails however because there does not exist the essential underlying fact essential to that relief, i.e., that there is a preexisting prebankruptcy contractual agreement or obligation imposed upon the employees not to compete if their employment is terminated.

All the case law cited, and all the case law that we have been able to find in our own research, involves some underlying contractual agreement. There then is some dispute as between the parties as to the appropriate scope of the agreement and the appropriate remedy once the termination occurs. No case to my knowledge has imposed as a term of sale a nonconsensual, non-bargained-for restriction on the future employment of the employees of the company to be acquired, whether in bankruptcy or outside of bankruptcy, simply out of a desire to enhance the value of the assets being sold.

The *Hampton* case in the Eighth Circuit cited by the third party plan proponent, which appears at 374 F.2d 969 (1967), decided under the prior Bankruptcy Act, has rationale which could be extended by analogy to cover the present situation but in my judgment that's a thin reed upon which to build this type of non-bargained-for restriction on employment. The trend in the current case decisions is to read even consen-

sual noncompete agreements very strictly and to not extend the remedy to the former corporation anymore then is absolutely necessary to preserve its legitimate interests. *See Baxter International v. Roger J. Morris,* 976 F.2d 1189 (8th Cir.1992). In this context I believe it would be a complete quantum leap to not only enforce a noncompete obligation in this Draconian fashion but to do it without any underlying bargained-for agreement and consideration.

I do not accept the argument by the third party plan proponent that they are not seeking a broad injunction against competition by these employees. In my judgment, considering the scope of the requested injunction, considering the scope of the creditor customer list involved, and considering what I know of the relevant market from this case history, this would be in practical terms an effective restriction on competition by these employees in the industry in which presumably they have their greatest experience and skills.

For all these reasons I believe that the plan filed by Filcas, Inc. is nonconfirmable as a matter of law and therefore the Court hereby determines that no further proceedings are appropriate with regard to that plan. The disclosure statement with regard to that plan is moot. The disclosure statement with regard to the debtor's plan is dealt with separately.

DONE and ORDERED.